UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:16-cr-32 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| JIMMY EDWARD HARVEY | ) |

# MEMORANDUM & ORDER

Before the Court is a *pro se* motion for compassionate release by Defendant Jimmy Edward Harvey. (Docs. 27, 29.) The Court construes Defendant's two motions to appoint counsel as a motion for compassionate release. As grounds, Defendant relies on his health issues, the COVID-19 pandemic, the amount of time he has served, and his age. (Doc. 29 at 1; Doc. 37 at 1–2.) Defendant is currently scheduled for release from the Bureau of Prisons ("BOP") on February 27, 2029. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 12, 2022).

The United States (the "Government") responded in opposition to Defendant's motion, arguing Defendant has not satisfied the administrative-exhaustion requirement. (Doc. 35 at 3.) The Government argues Defendant has never presented a request for release to the BOP, so it urges the Court to dismiss Defendant's motion without prejudice for failing to satisfy the mandatory exhaustion requirement. (*Id.*) In support, the Government submits an e-mail dated October 11, 2022, where a BOP employee states there is no request in the database from Defendant. (Doc. 35-2.) In the alternative, the Government argues Defendant's claims should be denied on the merits because Defendant has not established an extraordinary and compelling reason for his release and because the 18 U.S.C. § 3553(a) factors weigh against his release. (Doc. 35 at 3, 4.)

In Standing Order SO-21-09, the Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") to represent any defendant who files a motion for compassionate release. FDSET has filed a notice that it reviewed Defendant's motion and does not intend to file a supplement on Defendant's behalf at this time. (Doc. 33.) FDSET reserved the right to file a reply (*id.*), but it had not done so prior to the time allowed by Local Rule 7.1(a).

Under 18 U.S.C. § 3582, as amended by the First Step Act, Pub. L. 115-391, 132 Stat. 5194, a court may grant a motion for compassionate release filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule a court must enforce when the Government properly invokes it. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The Court of Appeals for the Sixth Circuit has declined to create any equitable carve-out to the requirement for risk of harm or futility. *Id.* at 835–36 (declining to create carve-out, even with the unprecedented nature of the COVID-19 pandemic, explaining "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk."). The appropriate disposition of a premature motion for compassionate release is dismissal without prejudice, which permits the defendant to refile the motion, if necessary, once exhaustion has been achieved. *Id.* at 836.

In reply, Defendant submits a TRULINCS message, dated June 16, 2022, where he submitted a compassionate-release request to Warden Janson at Edgefield Federal Correctional Institution. (Doc. 38 at 1.) He states he waited the required thirty-day period before filing his

2

Case 1:16-cr-00032-CLC-CHS   Document 41   Filed 12/15/22   Page 2 of 3   PageID #: 459

compassionate-release motion with the Court. (Doc. 37 at 1.) Defendant filed his first motion to appoint counsel, which the Court construes as a compassionate-release motion, on May 27, 2022. (Doc. 27.) He filed his second motion to appoint counsel, which the Court construes as a compassionate-release motion, on June 6, 2022. (Doc. 29.)

Even assuming Defendant's exhibit proves he made a request to the BOP, the Court finds Defendant has failed to meet the administrative-exhaustion requirement. He submitted his compassionate-release request to the BOP twenty days *after* he submitted his first compassionate-release motion and ten days *after* he submitted his second compassionate-release motion. The Government has asserted the claim-processing rule regarding Defendant's failure to exhaust. (Doc. 35 at 3.) The Court therefore must enforce the claim-processing rule regarding Defendant's failure to exhaust. *See Alam*, 960 F.3d at 833–34.

Accordingly, the Court **DENIES** Defendant's motion for compassionate release (Docs. 27, 29) **WITHOUT PREJUDICE**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**